FILED
SUPERIOR COURT
OF GUAM

2022 NOV 21 PM 4:13

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>**EDWARD JESUS BERSAMIN,**<br><br>Defendant. | CRIMINAL CASE NO. **CF0327-22**<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on September 13, 2022, for hearing on Defendant **EDWARD JESUS BERSAMIN** ("Defendant") Motion to Suppress. Present were Defendant with counsel, Assistant Public Defender William C. Bischoff, and Assistant Attorney General Katherine Nepton on behalf of the People of Guam ("the Government"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On June 2, 2022, Defendant was indicted with one count of Possession of a Schedule II Controlled Substance (As a Third Degree Felony) and one count of Operating a Motor Vehicle Without a Valid Driver's License (As a Violation). These charges stem from the discovery of suspected methamphetamine during the course of a traffic stop on or about May 15, 2022. (Decl. of Leonardo M. Rapadas, Magistrate's Compl., May 17, 2022). On July 26, 2022, Defendant filed the instant motion, moving the Court to suppress all evidence seized because the warrantless

search of his vehicle following his arrest was unconstitutional. On August 9, 2022, the Government filed its Opposition.

On September 13, 2022, the Court heard sworn testimony from GPD Officer Martin Oliva ("Officer Oliva"). At the conclusion of the hearing, the Court gave the parties leave to file proposed findings of fact and conclusions of law. The Court did not receive submissions from either party.

At the Suppression Hearing, the Court ascertained the following facts:

1. On May 15, 2022, Officer Oliva conducted a traffic pull over after observing a vehicle driving on the road with no front license plate attached.

2. Officer Oliva observed a rear license plate on the vehicle which was expired.

3. Officer Oliva observed two individuals in the vehicle. The driver was identified as Defendant and the passenger was identified as a Mr. Babauta.

4. Officer Oliva informed Defendant the reason for the traffic pull over and requested to see Defendant's license, registration, and insurance. Defendant was unable to provide any of the requested items.

5. Officer Oliva then requested a read out of the vehicle's rear license plate. Officer Oliva learned that the license plate was attached to another vehicle.

6. Defendant stated he did not know that and that the vehicle belonged to his brother.

7. Officer Oliva asked Defendant to step out of the vehicle. Officer Oliva testified that Defendant was hesitant to exit and was being difficult and that he had to ask him to step out of the vehicle numerous times.

8. After Defendant exited the vehicle, Officer Oliva patted him down and did not find anything on his person.

9. Officer Oliva arrested Defendant for fraudulent use of a license plate and secured Defendant in his official vehicle.

10. Officer Oliva testified that the passenger was sitting inside the vehicle during his interaction with Defendant. After securing Defendant, Officer Oliva asked the passenger to step out of the vehicle, patted him down, and discovered suspected

methamphetamine on his person. The passenger claimed ownership of the items found on his person. Officer Oliva also arrested the passenger.

11. Officer Oliva testified he then searched the vehicle. He started in the passenger seat area.

12. Officer Oliva found a backpack on the driver's side and discovered more suspected methamphetamine. At the time of the search of the backpack, Officer Oliva did not know who the bag belonged to. During a later interview at Southern Precinct, the passenger stated the bag was not his. The passenger said Defendant was going to drop him in Agat and the backpack was already in the vehicle when he was picked up.

13. Officer Oliva testified he patted both the driver and the passenger down for officer safety, as he was the only GPD officer present at the scene.

14. Officer Oliva did not ask Defendant for consent to search the vehicle.

## DISCUSSION

The Fourth Amendment to the U.S. Constitution "protects against unreasonable searches and seizures and is made applicable to Guam via section 1421(b)(c) of the Organic Act of Guam." *People v. Chargualaf,* 2001 Guam 1 ¶ 14 (internal citations omitted). "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment – subject to only a few specifically established and well-delineated exceptions. Among the exceptions to the warrant requirement is a search incident to lawful arrest. The exception derives from interests in officer safety and evidence preservation that are typically implicated in arrest situations." *Arizona v. Gant,* 556 U.S. 332, 338 (2009) (internal citations omitted).

Defendant argues that there was no legal justification for GPD to search his vehicle because he was arrested for having a fraudulent license plate and was secured in handcuffs prior to the search. *See generally,* Mot. Suppress at 2. Under *Arizona v. Gant,* "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." 556 U.S. at 351. Here, it is clear that the first *Gant* rationale

is not met, as Defendant and the passenger were both secured at the time of the search. Thus, the issue is whether the second *Gant* rationale – a search for evidence of the crime of arrest – provided a legal basis for the warrantless search.

*Gant* authorizes a search where there is reason "to believe evidence relevant to the crime of arrest might be found in the vehicle." 556 U.S. at 343 (quoting *Thornton v. United States,* 541 U.S. 615, 632 (2004) (Scalia, J., concurring in judgment)). "In many cases, as when a recent occupant is arrested for a traffic violation, there will be no reasonable basis to believe the vehicle contains relevant evidence. But in others, … the offense of arrest will supply a basis for searching the passenger compartment of an arrestee's vehicle and any containers therein." *Id.* at 343-44 (internal citations omitted). Although Defendant was only arrested for having a fraudulent license plate, the other occupant of the vehicle, Mr. Babauta, was arrested for possession of suspected methamphetamines. The Court finds that this was sufficient to justify a warrantless search of the vehicle for evidence of methamphetamines. *Gant* contains no requirement that any particular occupant of the vehicle be the arrestee, only that "[p]olice may search a vehicle incident to a *recent occupant's* arrest … if … it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Id.* at 351. The backpack was searchable because it could have concealed evidence of methamphetamines, and at the time of the search, Officer Oliva did not know who the bag belonged to. Therefore, Defendant's Motion to Suppress cannot succeed.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Suppress. Parties shall return for a **Status Hearing** on **December 5, 2022** at **11:00 a.m.**

**IT IS SO ORDERED** this 21st day of November, 2022.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam